**Robert DAVIS, Plaintiff–Appellant,**

v.

**Robert DENNISON, Defendant–Appellee.**

**No. 06–2723–pr.**

United States Court of Appeals, Second Circuit.

March 2, 2007.

Robert Davis, pro se.

Martin A. Hotvet, Assistant Solicitor General (Eliot Spitzer, Attorney General, Andrea Oser, Assistant Solicitor General, on the brief), State of New York Office of the Attorney General, Albany, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff Robert Davis appeals *pro se* from a decision of the District Court adopting in relevant part the Report–Recommendation of Magistrate Judge Randolph F. Treece recommending dismissal of plaintiff's complaint, brought under 42 U.S.C. § 1983. Plaintiff's complaint sought declaratory and injunctive relief, as well as punitive damages, against defendant Robert Dennison, Chairman of the New York State Board of Parole ("Parole Board"), for alleged due process violations committed in connection with the Parole Board's decision denying plaintiff parole. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

■■■ Upon a review of the record, and substantially for the reasons set forth in the portions of Magistrate Judge Treece's ruling that were adopted by the District Court, we conclude that the District Court did not err in holding that plaintiff's requests for punitive damages and injunctive relief were barred by the Eleventh Amendment, defendant's absolute immunity from suit, and § 1983. Assuming *arguendo* that plaintiff's request for declaratory relief is not barred by immunity doctrines or § 1983, it nonetheless fails on the merits. New York State's parole scheme does not create a liberty interest protected by the Due Process Clause. *See Barna v. Travis,* 239 F.3d 169, 171 (2d Cir.2001). Thus, plaintiff has no basis for arguing that defendant's alleged actions violated his due process rights.

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.